# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MATTHEW & MEGAN DUNN, AND THE MARITAL COMMUNITY COMPRISED THEREOF,<br><br>Plaintiffs,<br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC, THE ROW TOWNHOMES, LLC and THRIVE COMMUNITIES MANAGEMENT, LLC,<br><br>Defendants. | NO.<br><br>COMPLAINT<br><br>(JURY TRIAL REQUESTED) |

COME NOW, Plaintiffs, MATTHEW & MEGAN DUNN, and the Marital Community Comprised Thereof, by and through their counsel SaraEllen Hutchison and Sam Leonard and complain against the defendants as follows:

## I. STATEMENT OF THE CASE

1.1     This is an action for damages to prevent further harm to Plaintiffs, who are victims of unfair debt collection, and to prevent the Defendants' future violations of Washington's Collection Agency Act (WCAA), Washington's Consumer Protection Act (WCPA), the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA) and Washington's Residential Landlord Tennant Act (RLTA).

COMPLAINT - 1

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

## II. PARTIES

2.1  Plaintiffs, MATTHEW & MEGAN DUNN and the Marital Community Comprised Thereof, (hereinafter "Plaintiffs") are natural persons who reside in North Bend, Washington.

2.2  Between 2019 and 2021, Plaintiffs resided at The Row Townhomes, a residential apartment complex located in Bellevue, Washington managed by THE ROW TOWNHOMES LLC ("ROW") and THRIVE COMMUNITIES MANAGEMENT, LLC ("THRIVE").

2.3  Defendant ROW is a California Limited Liability Company that does business in Washington under UBI No. 604-686-344.

2.4  Defendant THRIVE is a Washington Limited Liability Company that does business as Thrive Communities in Washington under UBI No. 603-477-799.

2.5  THRIVE manages numerous residential rental properties in Washington, including The Row Townhomes in Bellevue.

2.6  ROW hired THRIVE to act as its agent and manage The Row Townhomes in Bellevue.

2.7  ROW and THRIVE are therefore "landlords" pursuant to the Washington Residential Landlord Tenant Act, RCW 59.18 *et seq*.

2.8  Columbia Debt Recovery, LLC (hereinafter "CDR") is a collection agency located in Everett, Washington whose primary business is the collection of landlord tenant debts. CDR does business in Washington under UBI No. 604-074-740.

2.9  CDR claims that Plaintiffs owe a debt arising out of a residential lease Plaintiffs entered with THRIVE and ROW, and CDR has reported that debt to one or more consumer credit reporting agency.

2.10  CDR is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the WCAA, a "person" as defined by the WCPA, a "business" as contemplated by the WCPA, and acted as such at all times relevant to this Complaint.

COMPLAINT - 2

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

2.11   CDR is licensed as a collection agency in Washington and is therefore a "licensee" as defined by the WCAA, and often files collection lawsuits against consumers in Washington courts, including courts in King, Pierce and Snohomish counties and reports alleged debts to consumer reporting agencies.

2.12   THRIVE and ROW assign claims to CDR for collection.

2.13   Plaintiffs are therefore "consumers" pursuant to the FDCPA and the WCPA, "debtors" pursuant to the WCAA, and "tenants" pursuant to the RLTA, and acted as such at all times relevant herein.

### III.  JURISDICTION AND VENUE

3.1   Jurisdiction and venue in the United States District Court, Western District of Washington, are appropriate because this dispute involves federal law, some of the acts at issue and described herein occurred in this district, and defendant CDR has its principal place of business in this district. 15 U.S.C. §1692; 28 U.S.C. §1391(b); 28 U.S.C. §1331.

3.2   Defendants are also liable to Plaintiffs pursuant to the laws of the State of Washington, which claims may be brought under the supplemental jurisdiction of this Court. 28 U.S.C. 1367 *et seq*.

### IV.  FACTS

4.1   On March 13, 2019, Plaintiffs entered into a 14-month residential lease with landlords ROW and THRIVE for The Row Townhomes in Bellevue.

4.2   Although the lease was in excess of 12 months, ROW and THRIVE did not require that the lease be attested to pursuant to the RLTA.

4.3   Neither ROW nor THRIVE performed a walk-through at the start of Plaintiffs' tenancy documenting the condition of the rental unit upon move-in.

4.4   Plaintiffs paid a security deposit of $250.00.

4.5   On March 18, 2020, two months before the expiration of their original 14-month lease, ROW and THRIVE presented Plaintiffs with a new, 12-month lease, which Plaintiffs executed.

COMPLAINT - 3

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

4.6     During the entirety of Plaintiffs' tenancy, Plaintiffs paid their rent on time and in full every month.

4.7     Plaintiffs gave notice of termination of their tenancy with ROW and THRIVE on or about March 31, 2021, and moved out April 24, 2021.

4.8     Neither ROW nor THRIVE performed a walk-through with Plaintiffs prior to Plaintiffs' moving out of the apartment unit.

4.9     Plaintiffs left their apartment in clean condition, with no stains, damages or odors, and only ordinary wear and tear.

4.10    At the termination of Plaintiffs' tenancy with ROW and THRIVE, ROW and THRIVE sent Plaintiffs a lengthy ledger of move-out costs, which included an "apartment cleaning fee" of $230 and a "carpet clean + pet treatment" of $290, and, even after the application of Plaintiffs' $250 security deposit, according to ROW and THRIVE, Plaintiffs still owed them $935.23.

4.11    ROW and THRIVE then emailed Plaintiffs an invoice for $935.23.

4.12    Plaintiffs disputed the cleaning charges, and on May 28, 2021, paid the $415.23 that was for remaining rent.

4.13    ROW and THRIVE never explained or corrected the surprise "cleaning" fees and Plaintiffs heard nothing more.

4.14    Almost three years went by.

4.15    On January 17, 2024, CDR emailed an initial demand letter to Plaintiff Matt Dunn, demanding $520.

4.16    The initial demand letter did not include a street address where CDR was licensed to operate a collection agency or provide an accounting of the alleged debt that included the date of last payment on the account.

4.17    And on January 17, 2024, CDR emailed an initial demand letter to Plaintiff Megan Dunn, demanding $520.

4.18    That demand letter also did not include the street address where CDR was

COMPLAINT - 4

licensed to operate a collection agency or provide an accounting of the alleged debt that included the date of last payment on the account.

4.19 On January 21, 2024, Plaintiffs each sent a dispute and demand for verification and validation of the debt to CDR, seeking information substantiating the surprise cleaning fees.

4.20 On February 16, 2024, CDR responded not by substantiating the cleaning fees with pictures, an estimate, or anything that would explain why the apartment needed $500-plus of cleaning, but simply attached the lease and the ledger that Plaintiffs already possessed.

4.21 CDR also increased their demand to Matthew Dunn to $943.94.

4.22 CDR never responded to Megan Dunn's dispute and demand for verification and validation of the debt.

4.23 CDR completely failed to investigate the substance of Plaintiffs' disputes.

4.24 CDR completely failed to account for Plaintiffs' $415.23 payment.

4.25 CDR then added interest calculated on a false principal balance of $935.23, for a total due of $943.94.

4.26 On March 3, 2024, Plaintiffs disputed to CDR again by email, and among other issues raised, asked to know why the amount so dramatically went up after they first disputed.

4.27 CDR never responded to Plaintiffs' dispute.

4.28 CDR waited nearly another year and begun credit reporting the debt on or about December 18, 2024.

4.29 CDR reported to Experian, Trans Union and Equifax that Plaintiffs were $1,014.00 past due as of December 18, 2024.

4.30 CDR never substantiated the claim in any meaningful way.

COMPLAINT - 5

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

**V.  FIRST CAUSE OF ACTION**
**Violation of Washington's Collection Agency Act (RCW 19.16 *et seq.*)**
***Per Se* Violation of the Washington Consumer Protection Act**
**RCW 19.86 *et seq.***
**(CDR)**

5.1     Plaintiffs reallege and incorporate by reference all allegations set forth in the preceding paragraphs.

5.2     The purpose of the CPA is to protect the public from unfair, deceptive and fraudulent acts or practices and to foster fair and honest competition.

5.3     The legislature requires that the CPA be liberally construed so that its beneficial purpose is realized.

5.4     A private plaintiff who is injured in their business or property can bring a claim for damages, injunctive relief or both under the CPA. The private plaintiff enforcement provision of the CPA provides for the award of treble damages and attorney's fees and costs to a prevailing plaintiff to encourage robust enforcement of the CPA.

5.5     To prevail on a claim under the CPA a debtor must establish that the defendant (1) engaged in unfair or deceptive conduct (2) in trade or commerce that (3) affects the public interest and (4) caused the individual (5) injury in their business or property.

5.6     The first two elements of a CPA claim can be established *per se* upon a finding that a collection agency engaged in a practice prohibited under sections RCW 19.16.250 or 19.16.260 of the CAA when attempting to collect a claim.

5.7     Debt collection affects the public interest; thus, the third element of a CPA claim is established *per se* when a case concerns debt collection.

5.8     The CAA requires a collection agency to provide the street address where they are licensed to do business and the date of last payment within its first communication with a consumer. RCW 19.16.250(8).

5.9     The CAA prohibits a collection agency from communicating with a debtor and representing or implying that the existing obligation of a consumer has been increased by the

COMPLAINT - 6

addition of fees or charges that cannot be legally added to the alleged obligation. RCW 19.16.250(15).

5.10   The CAA prohibits a collection agency from threatening to take any action against a consumer which the licensee cannot legally take at the time the threat is made. RCW 19.16.250(16).

5.11   The CAA prohibits a collection agency from collecting or seeking to collect interest and fees not legally due. RCW 19.16.250(21).

5.12   CDR violated RCW 19.16.250 (8), (15), (16) and (21) when it sent Plaintiffs collection letters without the required information stating that they owe amounts not legally due, including interest or fees, and when it reported on their credit reports that they owed amounts they do not owe.

5.13   Because CDR uses the CRA's as a collection tool, its reporting of the debt and increasing balance of the debt due to the addition of interest also constitutes a violation of RCW 19.16.250(21).

5.14   Pursuant to RCW 19.16.450, because CDR engaged in prohibited practices in violation of RCW 19.16.250, neither it nor any other party is entitled to recover interest, service charges, attorneys' fees, collection costs, or any fees or charges that might otherwise be owed in addition to the amount of the original obligation.

5.15   CDR's actions injured Plaintiffs financially, forcing them to incur expenses disputing and investigating the debt, including time away from work and legal expenses.

5.16   CDR's reporting of false information to Plaintiffs' credit reports negatively impacts their reported credit worthiness and is defamatory.

5.17   Because CDR continues to attempt to collect and does collect on alleged landlord tenant debt and reports that debt to credit reporting agencies, there is a strong likelihood that CDR's practices will injure other members of the Washington public.

COMPLAINT - 7

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

# VI. SECOND CAUSE OF ACTION
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.*
### (CDR)

6.1 Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

6.3 The FDCPA is a strict liability statute and prohibits deceptive or misleading debt collection from the perspective of the least sophisticated consumer. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).

6.4 The FDCPA prohibits debt collectors from using any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

6.5 The FDCPA prohibits a debt collector from making a false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

6.6 The FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information that the debt collector knows or should know is incorrect. 15 U.S.C. § 1692e(8).

6.7 The FDCPA broadly prohibits a debt collector from using any false representations or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

6.8 The FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any alleged debt. 15 U.S.C. § 1692f.

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

6.9 The FDCPA prohibits a debt collector from attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

6.10 The FDCPA requires debt collectors to provide verification and validation of debts upon request from the consumer, and if the consumer makes a written request for same within 30 days of the debt collector's initial communication, the debt collector must cease collection until that information is provided. 15 U.S.C. § 1692g.

6.11 Plaintiffs are "consumers" under the FDCPA because CDR alleges that they are obligated to pay a debt relating to their housing. 15 U.S.C. § 1692a(3).

6.12 The money that CDR alleges Plaintiffs owe is a "debt" under the FDCPA because it is an alleged obligation to pay money arising out of a transaction that was primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

6.13 CDR is a "debt collector" under the FDCPA because it uses the mails in its business the principal purpose of which is the collection of debts, and because it regularly collects or attempts to collect, directly or indirectly, debts owed or due another. 15 U.S.C. § 1692a(6).

6.14 CDR violated 15 U.S.C. §§ 1692e, e(2) and e(10) by reporting to false information on the claim to credit reporting agencies and sending collection letters to Plaintiffs that misrepresented the amount they owe.

6.15 CDR violated 15 U.S.C. 1692f and 1692f(1) by attempting to collect amounts Plaintiffs do not owe.

6.16 CDR violated 15 U.S.C. § 1692 e(8) by reporting false negative information to Plaintiffs' credit reports they had reason to know is false.

6.17 CDR violated 15 U.S.C. § 1692g by failing to provide verification and validation of the debt to Megan Dunn.

6.18 Plaintiffs incurred actual damages, including emotional distress, as a result of CDR's violations of the FDCPA.

COMPLAINT - 9

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

6.19     CDR's violations of the FDCPA are *per se* violations of the CPA that caused Plaintiffs' injury in their property as described herein.

## VII.   THIRD CAUSE OF ACTION
**Violation of the Consumer Protection Act, RCW 19.86 *et seq*.**
**Unfair or Deceptive Conduct**
**(CDR)**

7.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2     Defendants are all "persons" within the meaning of the CPA. RCW 19.86.010(1).

7.3     Defendants conduct "trade" and "commerce" within the meaning of the CPA. RCW 19.86.010(2).

7.4     The conduct described above and throughout this Complaint is unfair or deceptive within the meaning of the CPA. RCW 19.86.010, *et seq*.

7.5     CDR engaged in unfair or deceptive acts or practices in the conduct of its business when it attempted to collect from Plaintiffs amounts that they do not owe.

7.6     The businesses of debt collection affects the public interest.

7.7     CDR's unfair or deceptive acts or practices also affect the public interest because they have injured Plaintiffs and have the capacity to injure others.

7.8     As a direct and proximate result of CDR's unfair or deceptive acts or practices, Plaintiffs have been injured in their business or property in the form of costs to investigate CDR's claims, which could have been spent on other, more economically productive activities, harm to credit and reputation, as well as other damages.

## VIII.   FOURTH CAUSE OF ACTION
**(Violation of RCW 59.18, as to ROW and THRIVE)**

8.1     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

COMPLAINT - 10

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

8.2   RCW 59.18.260(2) prohibits the collection of security deposits unless the rental agreement is in writing and the landlord provides the tenant a checklist or statement documenting the condition and cleanliness of or damages to the premises including the walls, floors, countertops, carpets, drapes, furniture, and appliances.

8.3   RCW 59.18.260(3) requires that the checklist or statement indicating the condition of the property at the commencement of the tenancy "shall be signed and dated by the landlord and the tenant, and the tenant shall be provided with a copy of the signed checklist or statement."

8.4   Under RCW 59.18.260(4), a landlord is prohibited from withholding a tenant's security deposit "on account of wear resulting from ordinary use of the premises."

8.5   RCW 59.18.260(5) states "[i]f the landlord collects a deposit without providing a written checklist at the commencement of the tenancy, the landlord is liable to the tenant for the amount of the deposit, and the prevailing party may recover court costs and reasonable attorney's fees."

8.6   At the time Plaintiffs vacated their apartment, Washington law required that 21 days after the termination of a rental agreement and vacation of the premises, a landlord "shall give a full and specific statement of the basis for retaining any of the [security] deposit." RCW 59.18.280(1).

8.7   ROW and THRIVE violated RCW 59.18.260 by failing to provide Plaintiffs a written checklist or statement of the cleanliness of or existing damages to the premises at the time the lease commenced.

8.8   ROW and THRIVE violated RCW 59.18.260 by failing to provide Plaintiffs a signed and dated checklist or statement indicating the condition of the property at the commencement of the tenancy.

COMPLAINT - 11

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

8.9     ROW and THRIVE violated RCW 59.18.260 and .280 by withholding Plaintiffs' security deposits for false reasons which if true, would constitute wear from ordinary use of the premises, which is exempt from withholding.

8.10    ROW and THRIVE violated RCW 59.18.260 by collecting a security deposit from Plaintiff without providing the required written checklist documenting the condition of the property at the commencement of the tenancy.

8.11    ROW and THRIVE violated RCW 59.18.280 by failing to provide Plaintiff with a full and specific statement of the basis for retaining any of the security deposit within twenty-one (21) days termination of the tenancy.

8.12    As a result of ROW and THRIVE's violation of 59.18.280, ROW and THRIVE is liable to Plaintiffs for the full amount of the deposit.

8.13    Furthermore, ROW and THRIVE violated RCW 59.18.210 by not requiring the initial 14-month lease to be notarized, and by papering over that fact by presenting Plaintiffs with a new 12-month lease before the termination of the initial 14-month lease.

8.14    Pursuant to 59.18.280, at the discretion of the Court, Plaintiffs are also entitled to an award "up to two times the amount of the deposit for the intentional refusal of the landlord to give the statement, documentation, or refund due" to Plaintiffs, together with costs of suit and reasonable attorney's fees.

8.15    Plaintiffs spent time and resources trying to solve this problem, without avail.

8.16    Plaintiffs' property interests have been harmed by ROW and THRIVE.

8.17    ROW and THRIVE's actions are a direct and proximate cause of Plaintiffs' injuries.

8.18    ROW and THRIVE's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment to be entered against the Defendants as follows:

A. For an Injunction preventing CDR from ever again contacting Plaintiffs about the account at issue herein for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

B. For an Injunction preventing CDR from ever again collecting upon the subject debt(s) from Plaintiff, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

C. For an Injunction preventing CDR from raising the amount of a collection demand in response to a consumer dispute, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

D. For an Injunction preventing Defendants from ever selling, transferring, or assigning this debt(s), pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d

COMPLAINT - 13

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

E.  For an Injunction preventing any other person who may hereafter seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wn.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335-36, 544 P.2d 88 (1976);

F.  For an injunction preventing CDR from engaging in collection activity in Washington for two years;

G.  For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

H.  For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692 et seq.;

I.  For an order requiring ROW and THRIVE to return double the amount of Plaintiffs' security deposit;

J.  For Incidental and Consequential damages in an amount to be proven at trial;

K.  For treble Plaintiffs' "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, *et seq.*;

L.  For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq., RCW 59.18.280 and RCW 19.86 *et seq.*;

M.  For interest on the above amounts as authorized by law;

COMPLAINT - 14

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com

N. For other relief as the Court deems just and equitable; and

O. For leave to amend this complaint as needed and as required.

P. For leave to seek Fed. R. Civ. Pro 23(b) status if information becomes available through discovery supporting the need for class action status.

## X.     REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury pursuant to U.S. Const. Amend. 7 and Federal Rule of Civil Procedure 38.

Dated this 14th day of January, 2025.

Respectfully submitted,

S//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
1102 A St Ste. 300 PMB 66
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
E-mail: saraellen@saraellenhutchison.com


LEONARD LAW, PLLC

 /s/ Sam Leonard
Sam Leonard, WSBA #46498
9030 35th Avenue SW, Suite 100
Seattle, Washington 98126
Telephone:  (206) 486-1176
Facsimile:  (206) 458-6028
E-mail:  sam@seattledebtdefense.com

COMPLAINT - 15

Law Office of SaraEllen Hutchison, PLLC
1102 A ST STE 300 PMB 66 | Tacoma, WA 98402
Ph (206) 529-5195 | Fax (253) 302-8486
saraellen@saraellenhutchison.com